# IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

―――――――――――――――――――

U.S. SECURITIES AND
EXCHANGE COMMISSION,

*Plaintiff-Appellant-Cross Appellee,*

v.

CITIGROUP GLOBAL MARKETS
INC.,

*Defendant-Appellee-Cross Appellant.*

―――――――――――――――――――

Case No. 11-5227

## MOTION OF BETTER MARKETS, INC.
## TO PROVIDE THIS COURT WITH A FULL, FAIR, AND BALANCED
## PRESENTATION OF THE ISSUES RAISED IN THIS APPEAL

Better Markets, Inc.
Dennis M. Kelleher
Stephen W. Hall
Katelynn O. Bradley
1825 K Street N.W., Suite 1080
Washington, D.C. 20006
Tel: 202- 618-6464
Fax: 202-618-6465

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure 26.1 and 29, Better Markets, Inc. ("Better Markets") hereby states as follows:

1.     Better Markets has no parent corporation.

2.     There is no publicly held corporation that owns 10% or more of the stock of Better Markets.

# TABLE OF CONTENTS

Corporate Disclosure Statement……………………………………………….…...ii

Introduction…………………………………………………………………....1

Argument……………………………………………………………………...4

    I.  This Motion should be granted to fill the adversarial void in this appeal and to thereby ensure that the Court receives a full, fair, and balanced presentation on the important issues raised……..……………………..4

        A. The SEC and Citigroup have an identity of interest that will deprive this Court of the full, fair, and balanced presentation that is essential for a just resolution of this appeal…….……………………………..6

        B. The issues raised in this case are enormously important and must be fully briefed and argued to the Court……………………….…..…9

        C. Better Markets is an appropriate advocate to argue in opposition to the SEC and Citigroup on the issues presented and to represent the public interest……………………………………………………..12

        D. A full, fair, and balanced presentation of the important issues will require more than the limited role normally granted to an *amicus curiae*, and the Federal Rules of Appellate Procedure allow for such an enhanced role……………………………………………………15

Conclusion……………………………………………………………….…..19

Certificate of Service………………………………………………………...20

## INTRODUCTION

Because both parties to this appeal are making the same arguments and seeking the same relief, this Court faces the rare circumstance of being presented with only one side of a case. There are, in effect, two appellants and no appellee, resulting in a breakdown of the adversary system. As a result, the Court will not be provided with a full, fair, and balanced presentation of the issues raised in this critically important case (if the parties' request for interlocutory appeal is granted).

The Securities and Exchange Commission ("SEC") and Citigroup Global Markets Inc. ("Citigroup") are both seeking to appeal the District Court's decision for the same reasons, and are both seeking to have this Court overturn that decision, which rejected their proposed settlement. They have an identity of interest and are acting in concert, as detailed below.

This Court and the entire judicial system are dependent upon an effective adversarial process where two sides with opposing interests litigate a dispute by developing the record, identifying the key issues, and presenting *both* sides of those issues to the court. No system of justice would rely on only one self-interested party to fully and fairly present all of the arguments in a case, including not only arguments that run counter to that party's interests but also arguments that would actually lead to its defeat. But, that is effectively the circumstance faced by this Court in this case.

While that may not be noteworthy in a dispute involving only private parties, that rare circumstance is extremely consequential in this case, which involves not only the primary regulatory agency charged with enforcing the laws governing the United States capital markets, but also the scope of the power and authority of Federal district courts. This case raises extremely significant issues, will almost certainly establish an important precedent, and will have far-reaching implications for the enforcement of the securities laws, for the SEC, for Wall Street, and for the courts.

Such a breakdown of the adversary system, with the attendant risk that this Court will not receive the benefit of a full, fair, and balanced presentation of the critical issues raised, should not be allowed.

To fill the adversarial void in this case, and to ensure that the Court receives the benefit of full advocacy on the issues presented, the Court should permit—in these rare and limited circumstances—enhanced *amicus curiae* participation equivalent to the role of an appellee by an independent organization that is familiar with the case below, understands the issues raised in that case and in this appeal, and will defend the District Court's rejection of the settlement proposed by the SEC and Citigroup. That organization is Better Markets, a non-profit group that promotes the public interest in the financial markets.

Better Markets is led by a former securities litigation partner at Skadden, Arps, Slate, Meagher & Flom, who specialized in, among other areas of practice, SEC enforcement cases. Better Markets filed papers in the District Court opposing the proposed settlement.[1] As evidenced by those papers, Better Markets has closely followed the proceedings and is fully familiar with the issues below and those raised in this appeal.

In addition, Better Markets has no direct or indirect economic interest in this case or the issues it raises. Its only goal, as a non-profit, is to promote the public interest in the financial markets. In this case, Better Markets believes that the public interest is best served by upholding the decision below, ensuring that Federal district courts have the power and authority to conduct a meaningful review of proposed settlements, and providing this Court with an adequate record and a full presentation of the issues so that it has a sufficient basis on which to decide the case.

---

[1] Because the SEC and Citigroup were aligned in their shared desire to obtain approval for their settlement agreement, Better Markets sought to intervene in the District Court, not to become a full-fledged party but for the limited purpose of (a) opposing the proposed settlement and (b) pressing for a more complete record on which the court could base its decision, all in furtherance of the public interest. *See* Better Markets' Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24, Memorandum of Law in Support of Motion to Intervene, and Memorandum in Opposition to Proposed Settlement, SEC v. Citigroup Global Markets Inc., No. 1:11-cv-07387-JSR (S.D.N.Y. Nov. 3, 2011). The SEC opposed that motion and the District Court denied it. Order, No. 1:11-cv-07387-JSR (S.D.N.Y. Nov. 8, 2011).

Therefore, in these unusual circumstances, Better Markets requests that this Court permit it to participate in this appeal as an enhanced *amicus curiae,* equivalent to the role of an appellee for the purposes of briefing and argument. As detailed below, that enhanced role would be limited to filing a 30-page brief (instead of the normal 15 pages), having additional time to file the brief so that it would be responsive to the briefs from the SEC and Citigroup, and participating in oral argument.[2]

## ARGUMENT

I. <u>This Motion should be granted to fill the adversarial void in this appeal and to thereby ensure that the Court receives a full, fair, and balanced presentation on the important issues raised.</u>

In the adversary system, justice can only be fully served if the court receives arguments from ***both*** sides of the issues presented. That will not happen in this case because the parties to this appeal hold the same positions. They both seek reversal of the District Court's ruling rejecting their proposed settlement, and they both assert the same error below. Moreover, neither party is representing the important public interest that is clearly at stake in this case.

---

[2] Neither the SEC nor Citigroup objects to Better Markets' filing an *amicus* brief in this appeal in accordance with Fed. R. App. P. 29. Furthermore, neither the SEC nor Citigroup objects to the relief sought in this motion for an enhanced role as *amicus curiae*, except that the SEC would object to the request for oral argument **if** that request were to reduce the SEC's time for oral argument.

During the proceedings below, the District Court noted the breakdown in the adversary system resulting from the unity of interest shared by the SEC and Citigroup on the issues presented. For example, during the November 9, 2011 hearing on the proposed settlement, the District Court highlighted the parties' common desire to win approval for their agreement and its negative impact on the adversary process:

> What most concerns me here is the adversary system doesn't really operate very well when a court is asked to assess a consent decree, because both parties come before the Court and say, Judge, we've got a deal; don't muck it up . . . . here is why we both agree that this is a wonderful, fair, adequate, reasonable, public interest, God-given consent decree, and you ought to approve it.

Transcript of Oral Argument at 34, No. 1:11-cv-07387-JSR (S.D.N.Y. 2011) ("Tr."). In its Supplemental Order, the District Court made the same point again, observing that no party would defend the District Court's ruling before **this** Court:

> Of course, the motion [of the SEC in the appellate court for a stay pending appeal] was unopposed because both parties have filed appeals from this Court's rejection of the parties' proposed Consent Judgment. The adversary system does not operate in the normal way in such circumstances because **there is no one before the Court of Appeals responding on behalf of this Court to the parties' arguments**.

Supplemental Order at 2 n. 1 (S.D.N.Y. Dec. 29, 2011) (emphasis added).

In short, a presentation of genuinely opposing views is the life blood of the adversary system, and when that adversarial quality is missing, the involvement of an *amicus curiae* is especially critical. In fact, "when faced with a complete lack

5

of adversariness," as in this case, the Supreme Court has found it appropriate to seek the assistance of an *amicus*. *See Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 104 (1993) (Scalia, J. concurring) (citing *Toibb v. Radloff*, 501 U.S. 157, 160, n.4 (1991); *Bob Jones Univ. v. United States,* 461 U.S. 574, 585 n.9, 599 n.24 (1983); *Granville-Smith v. Granville-Smith*, 349 U.S. 1, 4 (1955); *INS v. Chadha*, 462 U.S. 919, 939-940 (1983); *Cheng Fan Kwok v. INS*, 392 U.S. 206, 210 (1968)).

To fill the adversarial void in this appeal, and to ensure that the Court receives the benefit of balanced advocacy on the issues presented, the Court should permit Better Markets an enhanced but still limited role as *amicus curiae*. Specifically, the Court should grant Better Markets: (1) a briefing page limit increased from 15 to 30 pages; (2) a briefing deadline that falls 30 days after the briefs from both the SEC and Citigroup have been filed; and (3) oral argument time. These limited procedural measures will enable Better Markets to serve in effect as the missing appellee.

A. The SEC and Citigroup have an identity of interest that will deprive this Court of a full, fair, and balanced presentation that is essential for a just resolution of this appeal.

On virtually every substantive and procedural issue that has come before this Court as well as the District Court, the SEC and Citigroup have taken the same position. For example:

1.  Both the SEC and Citigroup sought the District Court's approval of the proposed settlement—the SEC by filing the proposed final judgment and its memorandum in support thereof, and Citigroup by filing its written consent to entry of the proposed final judgment. *See* Proposed Final Judgment as to Defendant Citigroup Global Markets Inc.; Memorandum by Plaintiff Securities and Exchange Commission in Support of Proposed Settlement; Consent of Defendant Citigroup Global Markets Inc., No. 1:11-cv-07387-JSR (S.D.N.Y. 2011).

2.  The SEC and Citigroup submitted similar responses to the District Court's order seeking answers to nine questions regarding the proposed settlement and the justifications for it. *See* Order, No. 1:11-cv-07387-JSR (S.D.N.Y. Oct. 27, 2011); SEC's Memorandum of Law in Response to Questions Posed by the Court Regarding Proposed Settlement; Memorandum on Behalf of Citigroup Global Markets Inc. in Support of the Proposed Final Judgment and Consent, No. 1:11-cv-07387-JSR (S.D.N.Y. 2011). Both sets of responses from the SEC and Citigroup were framed to justify and support the proposed settlement. On numerous issues, Citigroup "deferred" to the SEC's responses, and on the applicable legal standard, Citigroup joined with the SEC by embracing a test for review of proposed settlements that did not include the public interest, and in arguing that the

District Court was obligated to give substantial deference to the SEC. Memorandum on Behalf of Citigroup, at 5, 6, 15, 16. In no material respect do the responses from the parties actually conflict.

3. Both the SEC and Citigroup took consistent positions at the hearing before the District Court on the proposed settlement. *See* Tr., 1:11-cv-07387-JSR (S.D.N.Y. Nov. 9, 2011).

4. Both the SEC and Citigroup filed notices of appeal of the District Court's ruling, each aimed at winning reversal of the District Court's decision.

5. After the SEC sought a stay from the District Court pending appeal in this Court, Citigroup filed a memorandum in support of the SEC's motion. Citigroup Global Markets Inc.'s Memorandum in Support of the Securities and Exchange Commission's Motion for a Stay Pending Appeal, No. 1:11-cv-07387-JSR (S.D.N.Y. 2011). Citigroup expressly adopted the SEC's arguments in support of the stay, and further indicated that it intended to join with the SEC in a request for expedited appeal. *Id.* at 3, 2.

6. Similarly, after the SEC moved in this Court for a stay of the proceedings below, as well as an expedited appeal, Citigroup filed a memorandum expressly supporting the SEC's motion for both forms of relief. Citigroup Global Markets Inc.'s Memorandum in Support of

Securities and Exchange Commission's Unopposed Emergency Motion to Stay the Proceedings Below Pending Appeal, or in the Alternative, for a Temporary Stay, and Unopposed Motion to Expedite the Appeal, at 16, 19, No. 11-cv-5227 (2d Cir. Jan. 9, 2012).

The record thus shows that both parties to this appeal seek the same relief on the same grounds.  Obviously, neither the SEC nor Citigroup will argue that the District Court correctly rejected the proposed settlement as not fair, reasonable, adequate, or in the public interest.  Under these circumstances, unless Better Markets is afforded a sufficient opportunity to participate in this appeal, the Court cannot and will not receive the complete and balanced advocacy that is essential for a just outcome.

B.  The issues raised in this appeal are enormously important and must be fully briefed and argued to the Court.

The need to compensate for the one-sided nature of this appeal is especially compelling here because this case involves issues of enormous importance that will significantly affect the public interest.  If interlocutory appeal is granted, its disposition will impact a range of issues, including—

1.  The power and authority of Federal district courts to approve or reject proposed settlements in actions by the government to enforce the law;

2.  The power and authority of Federal district courts to insist that parties seeking approval of a proposed settlement supply the court with sufficient

9

information, in a credible and reliable form, upon which to evaluate the proposed settlement;

3. The level of deference a Federal district court must give to the SEC and other federal agencies when evaluating a proposed settlement, and in particular whether, as framed by the District Court, the court must simply "use [its] power but not [its] judgment;" Tr. at 8;

4. The precise nature of the test that a Federal district court must apply when reviewing a proposed settlement, and whether or not the public interest must be part of that test, or whether, as argued by the SEC, a settlement satisfying certain elements **must** be approved even if it **disserves** the public interest; Tr. at 3-9; and

5. Whether the proposed settlement in this case is in fact either fair, reasonable, and adequate, or fair, reasonable, adequate, *and* in the public interest, according to the criteria for evaluating and approving such proposed settlements.

The resolution of these issues ultimately affects, not only the way that the nation's securities laws are enforced, but, much more broadly, the integrity of the judicial process and the balance of power between the courts and the executive branch.

The inconsistent positions taken by the SEC in the proceedings below highlight the need for the public interest to be independently represented in any appeal. The SEC has advanced contradictory arguments on whether a court must consider the public interest when assessing a proposed settlement. When the SEC initially presented the proposed settlement to the District Court, it embraced a four-part test that included the public interest, stating that "[t]he standard for judicial review and approval of proposed consent judgments in [SEC] enforcement actions is whether they serve the public interest," and further stating that "the [SEC] submits that the proposed consent judgment is fair, adequate, reasonable, and in the public interest." SEC Memorandum in Support of Proposed Settlement at 4, 7 (citations omitted).

The SEC later insisted that the public interest "is **not** part of the applicable standard of judicial review." SEC Memorandum in Response to Questions Posed by the Court at 4 n. 1, No. 1:11-cv-07387-JSR (S.D.N.Y. 2011) (emphasis added). The SEC reiterated this view during the hearing before the District Court on the proposed settlement, arguing that the court would be obligated to approve a settlement that actually "disserved" the public interest, provided the other three elements of the test were met. Tr. at 3-9.

Further confusing the issue, the SEC also argued that Better Markets should not be allowed to intervene in the proceeding below because it, the SEC,

11

adequately protected the public interest. Plaintiff's Memorandum of Law in Opposition to Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 at 5, 8, No. 1:11-cv-07387-JSR (S.D.N.Y. 2011). The SEC has thus claimed to be representing the public interest, while at the same insisting to the Court that the public interest need not be considered in the settlement approval process.

Taking multiple positions on such an important issue demonstrates that the public interest would benefit from representation by an advocate such as Better Markets that would argue unequivocally on behalf of the public interest.

C. Better Markets is an appropriate advocate to argue in opposition to the SEC and Citigroup on the issues presented and to represent the public interest.

Better Markets is an appropriate advocate for purposes of opposing the views of the SEC and Citigroup and defending the District Court's rejection of the proposed settlement. It has a strong interest in this appeal and it also has the substantive expertise and litigation capability necessary to provide helpful assistance to the Court.

Better Markets is a non-profit organization that promotes the public interest in the financial markets. Its mission is to advocate for greater transparency, accountability, and oversight in our financial system through a variety of activities, including regulatory comment, public discourse, and participation in significant litigation involving financial market regulation.

12

Better Markets has in interest in this appeal because the Court's decision will have a major impact on transparency, accountability, and oversight in the securities markets. For example, a decision upholding the District Court's insistence on a more complete factual record upon which to judge the proposed settlement will affect the transparency of the settlement approval process in cases involving regulatory agencies charged with protecting the public. Upholding the authority of the District Court to exercise independent judgment and to conduct a meaningful review of the proposed settlement will promote greater oversight of the SEC's enforcement of the securities laws. And a decision from this Court affirming the District Court's determination that the proposed settlement was flawed on numerous grounds will foster greater accountability.

Better Markets' commitment and expertise in the field of financial regulation and enforcement is reflected in many of its endeavors. First and foremost, it provided extensive analysis in the proceeding below, highlighting areas where the record raised important questions but failed to provide answers, including the amount of gains actually earned by Citigroup from the fraud at issue, the true magnitude of the financial harm inflicted on investors, and the scope of the release from liability that Citigroup was actually receiving from the SEC under the proposed settlement.

Better Markets' commitment and expertise is also reflected in the work it has done on the regulatory implementation of the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank Act"). Better Markets has submitted comment letters on more than 80 rules proposed by financial market regulators, including the SEC, the Commodity Futures Trading Commission, the Federal Deposit Insurance Corporation, the Federal Reserve Board, the Financial Stability Oversight Counsel, and the Treasury Department. In those letters, Better Markets has consistently argued for the imposition of strong, clear, and enforceable standards that will promote transparency, accountability, and oversight in the financial markets. *See generally* Comment Letters submitted by Better Markets to financial regulators.[3]

Finally, Better Markets is advancing its goals in other significant legal cases affecting financial reform. As the rules promulgated under the Dodd-Frank Act become final, they are increasingly being challenged in court under the Administrative Procedures Act, 5 U.S.C. § 551 *et seq.*, in an effort to invalidate them. Better Markets participates in the defense of those rules as part of its overall mission to promote financial reform and to enhance transparency, accountability, and oversight in the financial markets. *See* Opposition of Better Markets, Inc. to

---

[3] *Available at* http://www.bettermarkets.com/rulemaking.

Petitioners' Unopposed Motion to File Under Seal, *ISDA v. CFTC,* No. 11-cv-1469 (D.C. Cir. 2012).

Better Markets thus has a direct interest in this case and an extensive familiarity with the facts and the legal issues presented. It also has, more generally, extensive experience and expertise advocating for the public interest in the field of financial regulation. Therefore, if afforded the enhanced *amicus* role requested in this motion, Better Markets will be able to provide this Court with the advocacy that is essential for ensuring a full and balanced presentation on all of issues raised in this case.

D. A full, fair, and balanced presentation of the important issues will require more than the limited role normally granted to an *amicus curiae*, and the Federal Rules of Appellate Procedure allow for such an enhanced role.

Under the Federal Rules of Appellate Procedure ("Rules"), an *amicus curiae* is normally given a very limited role, including an early filing deadline for its brief, a page limit equal to half that of a party, and no opportunity to participate in oral argument. Fed. R. App. P. 29. That limited role is entirely appropriate in almost all cases, but it is inadequate under the exceptional circumstances presented here. The SEC, an independent regulatory agency of the United States government, is aligned with Citigroup, one of the largest financial firms in the world, in a joint effort to overturn the District Court's ruling. As a result, there is no one in this case to present the contrary view.

15

To ensure balance in this important appeal, and to ensure that this Court receives the benefit of a full and fair presentation, the Court should permit Better Markets to serve in an expanded role as an *amicus curiae*. Specifically, Better Markets seeks: (1) leave to file a brief equal in length to that of a party; (2) leave to submit its brief not less than 30 days after both the SEC and Citigroup have filed their briefs; and (3) leave to participate in oral argument.

This Court has the discretion under the Rules to grant these procedural requests. The Rules expressly provide that the length of an *amicus* brief may be extended "by the court's permission." Fed. R. App. P. 29(d). Such permission should be granted here because the page limit normally applicable to *amicus* briefs under Rule 29 is based on a specific rationale that is not present in this case. The Advisory Committee Notes explain that the shorter page limit applicable to *amicus* briefs is appropriate for two reasons: "First, an amicus may omit certain items that must be included in a party's brief. Second, an amicus brief is supplemental. It need not address all issues or all facets of a case. It should treat only matter not adequately addressed by a party." Fed. R. App. P. 29(d) advisory committee's note on 1998 amendments.

In this case, Better Markets would be the sole advocate representing what would normally be an appellee's position. Therefore, its brief will of necessity be more than just supplemental, and it will have to be more comprehensive than a

16

brief offered merely in support of an existing party to the appeal.  Accordingly, it is appropriate in this case to extend the page limit normally applicable under Rule 29.

With respect to timing, Rule 29 provides that "a court may grant leave for later filing [of an *amicus* brief]," Fed. R. App. P.  29(e), and Rule 26 more generally provides that the court may extend any time deadline under the rules "for good cause."  Fed. R. App. P. 26(b).  In this case, the normal application of Rule 29 would require Better Markets to file its brief just seven days after the SEC has filed its brief, but before Citigroup has filed a brief.  Good cause exists for extending this deadline on two grounds.  First, as discussed above in connection with the page limit, the scope of Better Markets' brief must be sufficiently broad not just to support another party, but to make the arguments on behalf of a missing party—the appellee.  That will require additional time.

Second, the deadline for the Better Markets brief must be extended  to ensure that it has the opportunity to respond not only to the arguments made by the SEC, but also to those advanced by Citigroup—arguments that will be similar and consistent with those of the SEC, but presumably different in emphasis.  Neither the SEC nor Citigroup will suffer prejudice from a change in the timing of Better Markets' brief, since the Rules contemplate that a court, upon extending the deadline for an *amicus* brief, will specify a time within which the parties may respond to the *amicus* brief.  Fed. R. App. P.  29(e).  Accordingly, Better Markets

should be allowed to file its brief at least 30 days after both of the parties' briefs have been filed.

Finally, under the Rules, an *amicus* may participate in oral argument "with the court's permission." Fed. R. App. P. 29(g). That permission would be appropriately granted here because the parties are actually advancing the same position in a case raising significant issues. The Supreme Court has not only permitted, but actually invited, qualified counsel to participate in oral argument as *amicus curiae* in cases where the parties do not have an adversarial posture and where the case raises issues of wide-spread importance. *See, e.g., Granville-Smith v. Granville-Smith*, 349 U.S. 1, 4 (1955); *see also Cheng Fan Kwok v. Immigration & Naturalization Service*, 392 U.S. 206, 210 n. 9 (1968). As stated by the Supreme Court in *Granville-Smith*:

> In view of the lack of genuine adversary proceedings at any stage in this litigation, the outcome of which could have far-reaching consequences on domestic relations throughout the United States, the Court invited specially qualified counsel "to appear and present oral argument, as *amicus curiae*, in support of the judgment below."

*Id.* at 4 (citations omitted).

As in *Granville-Smith*, there is no adversarial relationship between the parties to this case on the very significant issues presented. Accordingly, Better Markets should be permitted to present oral argument as *amicus curiae*.[4]

## CONCLUSION

For the foregoing reasons, the Court should grant the motion of Better Markets for leave to submit a brief equal in length to that of the SEC and Citigroup; leave to file its brief 30 days after the briefs from the SEC and Citigroup have been filed; and leave to participate in oral argument.

Dated: February 15, 2012                    Respectfully submitted,


                                             /s/ Dennis M. Kelleher
                                             Dennis M. Kelleher
                                             Stephen W. Hall
                                             Katelynn O. Bradley
                                             Better Markets, Inc.
                                             1825 K Street N.W., Suite 1080
                                             Washington, D.C. 20006
                                             Tel: 202- 618-6464
                                             Fax: 202-618-6465

---

[4]  As noted above, although raising no objection to this motion, the SEC would object to Better Markets' request for oral argument if that request were to reduce the SEC's time for oral argument. However, Better Markets should be given the opportunity to argue, even if that would entail a reduction in the parties' argument time, since they will be advancing the same points, and it would be appropriate to consolidate their time to argue accordingly.

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, I caused the foregoing "Motion of Better Markets, Inc. to Provide this Court with a Full, Fair, and Balanced Presentation of the Issues Raised in this Appeal" to be sent as directed by email to agencycases@ca2.uscourts.gov, and sent by email to counsel for each of the parties, as follows:

Counsel for Plaintiff/Appellant/Cross-Appellee SEC

Michael A. Conley
Jeffrey A. Berger
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549-4010
Tel: 202-551-5127/202-551-5112
Fax: 202-722-9362
Email:  conleym@sec.gov/bergerje@sec.gov

Counsel for Defendant/Appellee/Cross-Appellant Citigroup Global Markets Inc.

Brad Scott Karp
Paul, Weiss, Rifkind, Wharton & Garrison LLP (NY)
1285 Avenue of the Americas
New York, NY 10019
Tel: 212-373-2384
Fax: 212-373-2384
Email: bkarp@paulweiss.com

/s/ Dennis M. Kelleher
Dennis M. Kelleher
Counsel for Better Markets, Inc.
1825 K Street, NW, Suite 1080
Washington, DC  20006
Tel: 202-618-6464/
Fax: 202-618-6465
dkelleher@bettermarkets.com

20