# 11-5227-cv(L),
## 11-5375-cv(CON), 11-5242-cv(XAP)

### United States Court of Appeals
*for the*
### Second Circuit

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellant-Cross-Appellee,*

– v. –

CITIGROUP GLOBAL MARKETS INC.,

*Defendant-Appellee-Cross-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF OF *AMICUS CURIAE* NATIONAL ASSOCIATION
OF SHAREHOLDERS AND CONSUMER ATTORNEYS
IN SUPPORT OF NEITHER PARTY**

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
*Attorneys for Amicus Curiae*
250 Hudson Street, 8th Floor
New York, New York 10013
(212) 355-9500

## <u>DISCLOSURE STATEMENT</u>

The National Association of Shareholder and Consumer Attorneys is not a corporate party within the meaning of Federal Rule of Appellate Procedure 26.1.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... ii

INTEREST OF AMICUS CURIAE ........................................................1

SUMMARY OF ARGUMENT ...............................................................2

ARGUMENT ...........................................................................................5

I.   The District Court Erroneously Cited *Lipsky* for the Proposition that SEC Complaints and Consent Decrees Cannot Be Cited in the Pleadings in Subsequent Private Actions ........................................5

II.  Under the Federal Rules, Complaints Are Only Required to Have a Reasonable Factual Basis ................................................8

    A.   Federal Pleading Standards Require Plaintiffs to Allege Facts that are the Product of a "Reasonable Inquiry" ..........................8

    B.   Complaints Filed in Other Actions May Represent Legitimate Sources of Information ......................................12

III. *Lipsky* Does Not Require a Different Result ...............................17

IV.  At a Minimum, Facts Alleged in a Complaint Should Be a Permissible Basis for Allegations Against Parties Who Were Not Defendants in the Original Action ..........................................27

CONCLUSION ......................................................................................27

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ambac Assur. Corp. v. EMC Mortg. Corp.*,
2009 WL 734073 (S.D.N.Y. Mar. 16, 2009).....................................................22

*In re AOL Time Warner Inc. Sec. & "ERISA" Litig.*,
381 F. Supp. 2d 192 (S.D.N.Y. 2004) ...............................................................23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...............................................................................8, 14, 25

*ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*,
579 F.3d 143 (2d Cir. 2009) ...............................................................................9

*In re Beacon Associates Litigation*,
745 F. Supp. 2d 386 (S.D.N.Y. 2010) ...............................................................16

*In re Bear Stearns Mortgage Pass-Through Certificates Litigation*,
2012 WL 1076216 (S.D.N.Y. Mar. 30, 2012)........................................8, 16, 20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)......................................................................................14, 25

*Berke v. Presstek, Inc.*,
188 F.R.D. 179 (D.N.H. 1998) .....................................................................21, 22

*In re Biopure Corp. Derivative Litig.*,
424 F. Supp. 2d 305 (D. Mass. 2006)................................................................14

*Boilermakers Nat. Annuity Trust Fund v. WaMu Mortg. Pass Through
Certificates, Series ARI, et al.*,
748 F. Supp. 2d 1246 (W.D. Wash. 2010) ........................................................25

*In re Brooks Automation Inc. Secs. Litig.*,
2007 WL 4754051 (D. Mass. Nov. 6, 2007) ...............................................16, 17

*In re Cabletron Sys.*,
311 F.3d 11 (1st Cir. 2002)................................................................................12

*Calloway v. Marvel Entm't Group, Div. of Cadence Indus. Corp.*,
854 F.2d 1452 (2d Cir. 1988) ..........................................................................3, 9

*Carlson v. Xerox Corp.*,
392 F. Supp. 2d 267 (D. Conn. 2005)..............................................................22

*ClearOne Communs., Inc. v. Lumbermens Mut. Cas. Co.*,
2005 WL 2716297 (D. Utah Oct. 21, 2005)................................................19, 20

*De La Fuente v. DCI Telecomms., Inc.*,
259 F. Supp. 2d 250 (S.D.N.Y. 2003) .........................................................14, 15

*Ezra Charitable Trust v. Tyco Int'l, LTD*,
466 F.3d 1 (1st Cir. 2006)...............................................................................17

*First Capital Asset Mgmt. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004) ...........................................................................11

*Footbridge Ltd. v. Countrywide Home Loans, Inc.*,
2010 WL 3790810 (S.D.N.Y. Sept. 28, 2010) ......................................6, 23, 24

*Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*,
376 F. Supp. 2d 385 (S.D.N.Y. 2005) .............................................................12

*Geinosky v. City of Chicago*,
675 F.3d 743 (7th Cir. 2012) .......................................................................3, 11

*Greebel v. FTP Software, Inc.*,
194 F.3d 185 (1st Cir. 1999)....................................................................3, 4, 13

*Hawaii Ironworkers Annuity Trust Fund v. Cole*,
2011 WL 1257756 (N.D. Ohio Mar. 31, 2011)................................................15

*Helwig v. Vencor, Inc.*,
251 F.3d 540 (6th Cir. 2001) (en banc) .......................................................3, 13

*In re High-Tech Employee Antitrust Litig.*,
2012 WL 1353057 (N.D. Cal. Apr. 18, 2012).................................................16

*Hill v. State Street Corp.*,
2011 WL 3420439 (D. Mass. Aug. 3, 2011) ...................................................26

iii

*Hurley v. Atlantic City Police Department,*
174 F.3d 95 (3d Cir. 1999) ...............................................................24

*Hyland v. Homeservices of Am., Inc.,*
2007 WL 1959157 (W.D. Ky. June 28, 2007) ...................................27

*In re Initial Pub. Offering Sec. Litig.,*
241 F. Supp. 2d 281 (S.D.N.Y. 2003) ........................................12, 16

*In re Ins. Brokerage Antitrust Litig.,*
618 F.3d 300 (3d Cir. 2010) .................................................................9

*Institutional Investors Group v. Avaya, Inc.,*
564 F.3d 242 (3d Cir. 2009) ...............................................................10

*Jackson v. Grupo Indus. Hotelero, S.A.,*
2008 WL 4648999 (S.D. Fla. Oct. 20, 2008) ....................................22

*Johnson v. M & M Communs., Inc.,*
242 F.R.D. 187 (D. Conn. 2007) .......................................................22

*Lawrence v. Richman Group of CT LLC,*
620 F.3d 153 (2d Cir. 2010) .................................................................9

*Levitt v. Bear Stearns & Co.,*
340 F.3d 94 (2d Cir. 2003) ..........................................................passim

*Lipsky v. Commonwealth United Corp.,*
551 F.2d 887 (2d Cir. 1976) ........................................................passim

*Litwin v. Blackstone Group, L.P.,*
634 F.3d 706 (2d Cir. 2011) ...............................................................10

*London v. PA Child Care, LLC,*
2010 WL 1507103 (M.D. Pa. Apr. 14, 2010) ....................................20

*Masters v. GlaxoSmithKline,*
271 Fed. Appx. 46 (2d Cir. 2008) ......................................................24

*Matrixx Initiatives, Inc. v. Siracusano,*
131 S. Ct. 1309 (2011) .................................................................passim

*In re McKesson HBOC, Inc. Sec. Litig.*,
126 F. Supp. 2d 1248 (N.D. Cal. 2000) ..................................................9, 11, 12

*N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Group, PLC*,
720 F. Supp. 2d 254 (S.D.N.Y. 2010) ................................................................10

*In re New Century*,
588 F. Supp. 2d 1206 (C.D. Cal. 2008) ......................................................10, 11

*Novak v. Kasaks*,
216 F.3d 300 (2d Cir. 2000) ..............................................................................10

*Penalbert-Rosa v. Fortuno-Burset*,
631 F.3d 592 (1st Cir. 2011)................................................................................9

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ..............................................................................17

*In re Platinum & Palladium Commodities Litig.*,
2011 WL 4048780 (S.D.N.Y. Sept. 13, 2011) ...................................................6

*Queen Uno Ltd. P'ship v. Coeur D'Alene Mines Corp.*,
2 F. Supp. 2d 1345 (D. Colo. 1998)...................................................................16

*Ross v. A. H. Robins Co. Inc.*,
607 F.2d 545 (2d Cir. 1979) ..............................................................................25

*RSM Prod. Corp. v. Fridman*,
643 F. Supp. 2d 382 (S.D.N.Y. 2009) ................................................................6

*In re Schering-Plough Corp./Enhance Sec. Litig.*,
2009 WL 1410961 (D.N.J. May 19, 2009)........................................................10

*SEC v. Lee*,
720 F. Supp. 2d 305 (S.D.N.Y. 2010) .........................................................14, 15

*Space Coast Credit Union v. Barclays Capital, Inc.*,
1:11-cv-02802-LLS, Doc # 41, slip op. at 1 (S.D.N.Y. March 16, 2012)..........21

*Starr v. Sony BMG Music Entm't*,
592 F.3d 314 (2d Cir. 2010) .........................................................................14, 23

*Stichting Pensionenfonds ABP v. Countrywide Fin. Corp.*,
   2011 WL 3558173 (C.D. Cal. Aug. 9, 2011) ....................................25

*Tabor v. Bodisen Biotech, Inc.*,
   579 F. Supp. 2d 438 (S.D.N.Y. 2008) ...............................................21

*Thornton v. Evans*,
   692 F.2d 1064 (7th Cir. 1982) ...................................................13, 14

*United States SEC v. Citigroup Global Mkts. Inc.*,
   2011 WL 5903733 (S.D.N.Y. Nov. 28, 2011).....................................5

*United States Surgical Corp. Secs. Litig. v. Hirsch*,
   1995 U.S. Dist. LEXIS 20895 (D. Conn. Apr. 12, 1995).................21

*United States v. Gilbert*,
   668 F.2d 94 (2d Cir. 1981) ..............................................................21

*In re Xcelera.com Sec. Litig.*,
   2002 WL 745835 (D. Mass. March 8, 2002)....................................23

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) .............................................................9

**STATUTES**

15 U.S.C. §78u-4.............................................................................9, 11, 26

18 U.S.C. §1962............................................................................................24

**FEDERAL RULES**

Federal Rule of Civil Procedure 8 .............................................8, 12, 25

Federal Rule of Civil Procedure 9 ....................................................passim

Federal Rule of Civil Procedure 11 ..............................................10, 24

Federal Rule of Civil Procedure 12 ..................................................passim

Federal Rule of Evidence 408................................................................21

Federal Rule of Evidence 410........................................................19, 27

The National Association of Shareholder and Consumer Attorneys ("NASCAT") is a nonprofit membership organization founded in 1988. NASCAT's member law firms represent both institutional and individual investors in securities fraud and shareholder derivative cases throughout the United States. NASCAT and its members are committed to representing victims of corporate abuse, fraud and white collar criminal activity in cases with the potential to advance the state of the law, educate the public, modify corporate behavior, and improve access to justice and compensation for those who have suffered injury at the hands of corporate wrongdoers. NASCAT advocates the principled interpretation and application of the federal securities laws and the Federal Rules of Civil Procedure to protect investors from manipulative and deceptive practices, and to ensure this nation's capital markets operate fairly and efficiently.

Comprised of attorneys whose practice focuses in substantial part on the application of the federal securities laws, NASCAT has a deeply-rooted interest in the central issue this case presents. NASCAT does not take a position with respect

---

[1] This brief was not authored in whole or in part by any party or its counsel, nor did any party or its counsel contribute money that was intended to fund preparing or submitting this brief. There is no person other than the amicus curiae, its members, or its counsel who contributed money that was intended to fund preparing or submitting this brief.

to the ultimate question as to whether the District Court's ruling should be affirmed.

NASCAT, however, respectfully submits that the District Court erred in one critical respect, and writes separately to highlight the broad implications of the District Court's holding on this point. Specifically, as discussed further below, the District Court's holding that plaintiffs may not cite the contents of SEC complaints as support for factual allegations in their own complaints rests on a misinterpretation of this Court's holding in *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976). This aspect of the District Court's decision is not only incorrect, but if left uncorrected will potentially create an unnecessary (and inappropriate) barrier to legitimate private claims in a wide variety of contexts.

## SUMMARY OF ARGUMENT

The District Court cited a number of reasons for its decision to reject the proposed settlement between the Securities and Exchange Commission ("SEC") and Citgroup Global Markets ("Citigroup"). Among those was the District Court's apparent belief that unadjudicated allegations in an SEC complaint cannot benefit the public because private plaintiffs in subsequently-filed actions would not be able to use those allegations as support for their own claims. This conclusion, which was based on the District Court's reading of *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976), was incorrect.

Though there is no dispute that unadjudicated allegations are not *evidence* and cannot be used to *prove* facts in a subsequently-filed action, such allegations may represent a source of factual information on which other plaintiffs may reasonably rely at the *pleading* stage when drafting their own complaints. Just as a plaintiff may cite an "unproven" newspaper article as a basis for her factual allegations, so too may a plaintiff cite allegations from other, related actions. It is not expected that these sources will actually be introduced as evidence at trial; rather, the use of such sources *for pleading purposes* demonstrates that the plaintiff has a "reasonable factual basis" for her allegations, *Calloway v. Marvel Entm't Group, Div. of Cadence Indus. Corp.*, 854 F.2d 1452, 1470 (2d Cir. 1988), and "provide[s] a way for a plaintiff to show a court that there is likely to be some evidentiary weight behind the pleadings the court must evaluate." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012). Thus, numerous courts – including the Supreme Court and this Circuit – have approved plaintiffs' reliance on unadjudicated allegations from other complaints when drafting their own pleadings. *See, e.g., Matrixx Initiatives, Inc. v. Siracusano*, 131 S. Ct. 1309, 1322 (2011); *Levitt v. Bear Stearns & Co.*, 340 F.3d 94, 103 (2d Cir. 2003); *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001) (en banc); *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 196 (1st Cir. 1999).

Contrary to the District Court's apparent reading, this Court's decision in *Lipsky* did not declare a bright-line rule that unadjudicated allegations may never be cited in subsequent complaints. Although the *Lipsky* Court affirmed a district court's decision to strike a plaintiff's citations to an SEC complaint and consent decree because the plaintiff would not be able to introduce such materials at trial, the Court expressly limited its holding to "the facts of this case," 551 F.2d at 893, while simultaneously recognizing that "ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint - on the grounds that the material could not possibly be relevant - on the sterile field of the pleadings alone." *Id.* For this reason, the overwhelming majority of courts have held that the 36-year-old *Lipsky* decision does not bar citations to unadjudicated complaints as a source of factual information for the plaintiff's own pleading. And, in fact, this Court itself has since partially overruled *Lipsky* and held that consent decrees are, in fact, admissible at trial for some purposes.

A bright-line rule that singles out complaints as a forbidden source for factual allegations in subsequent litigation makes no logical sense. It would bar plaintiffs' use of factual allegations that are the product of a duly considered and authorized governmental investigation, or are based on the personal knowledge of the litigant in the other case, even though well-established case law from this and other Circuits clearly permits plaintiffs to rely on *less* reliable sources (such as

preliminary government reports and conclusions, and unsworn confidential witness statements). It would also impose a new, unjustified burden on plaintiffs who are subject to higher pleading requirements today (including under the Private Securities Litigation Reform Act of 1995) than those that applied when *Lipsky* was decided in 1976.

For these reasons, this Court should not endorse the District Court's interpretation of *Lipsky*, and should instead find that allegations contained in an SEC complaint may be relied upon, at the pleading stage, by litigants in subsequently-filed actions.

## **ARGUMENT**

I.   **The District Court Erroneously Cited *Lipsky* for the Proposition that SEC Complaints and Consent Decrees Cannot Be Cited in the Pleadings in Subsequent Private Actions**

The District Court concluded that the proposed settlement was not in the public interest because it believed that investors' interests would not be served by it. *See United States SEC v. Citigroup Global Mkts. Inc.*, 2011 WL 5903733, at *4 (S.D.N.Y. Nov. 28, 2011). Specifically, the court believed, among other things, that the settlement would not benefit future plaintiffs seeking to use the facts developed by the SEC in their own private lawsuits. *See id.* at *4. To that effect, the Court held:

> As a matter of law, an allegation that is neither admitted nor denied
> is simply that, an allegation. It has no *evidentiary* value and no

collateral estoppel effect. It is precisely for this reason that the Second Circuit held long ago, in *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976), that "a consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues ... cannot be used as evidence in subsequent litigation." *Id.* at 893. It follows that the allegations of the complaint that gives rise to the consent judgment are not evidence of anything either. **Indeed the *Lipsky* court went so far as to hold that "neither [an S.E.C.] complaint nor reference to [such] a complaint which results in a consent judgment may properly be cited in the pleadings" in a parallel private action and must instead be stricken. *Id.***

*Id.* (emphasis added).

The District Court's reading of *Lipsky* – that the contents of a complaint may not be cited by other plaintiffs in subsequently-filed pleadings – followed the conclusions of a small handful of district courts that have likewise interpreted *Lipsky* to require that courts strike any allegations in a complaint referencing earlier-filed, unadjudicated complaints by non-parties.[2] This interpretation of *Lipsky* is illogical and contrary to the overwhelming majority of precedent, and therefore does not represent a legitimate grounds to reject the settlement at issue here.

To give but one example, the Supreme Court permitted plaintiffs to rely on complaints filed in other actions in *Matrixx Initiatives, Inc. v. Siracusano*, 131 S.

---

[2] *See, e.g.*, *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403-04 (S.D.N.Y. 2009); *Footbridge Ltd. v. Countrywide Home Loans, Inc.*, 2010 WL 3790810, at *5 (S.D.N.Y. Sept. 28, 2010); *In re Platinum & Palladium Commodities Litig.*, 2011 WL 4748780, at *3 (S.D.N.Y. Sept. 13, 2011).

Ct. 1309 (2011). In that case, plaintiff-shareholders alleged that the defendant drug company committed securities fraud by concealing adverse effects associated with one of its products. *See id.* at 1313-14. To demonstrate that these adverse effects were significant and material to investors, the plaintiffs relied on, among other things, allegations contained in products liability lawsuits filed by affected patients. *See id.* at 1315. The Supreme Court accepted that the allegations in the earlier-filed lawsuits, as well as other factual allegations, were sufficient for pleading purposes to adequately *allege* that the adverse effects had occurred with enough frequency to be material to investors. *See id.* at 1322.

Similarly, this Court permitted plaintiffs to rely on factual allegations contained in unadjudicated complaints in *Levitt v. Bear Stearns & Co.*, 340 F.3d 94 (2d Cir. 2003). There, the plaintiffs alleged that the defendant had committed securities fraud by relying on, among other things, an earlier-filed SEC complaint, the statement of claim by another plaintiff in an NASD arbitration proceeding, and a complaint filed by a different private plaintiff in a parallel action. *See id.* at 99-100. In response to the defendants' argument that the plaintiffs' claims were time-barred because these materials were available to the plaintiffs outside the limitations period, this Court held that the District Court would have to carefully examine them to determine whether the facts revealed in these sources would have been sufficient, standing alone, to permit plaintiffs to plead their own claims

against the defendant in light of the high pleading standards applicable to securities fraud claims. *See id.* at 103. In so doing, this Court implicitly recognized that it was proper – and in fact often necessary – for plaintiffs to rely on factual allegations contained in complaints filed in other actions in framing their own pleadings.

Thus, the District Court's conclusion that allegations in an SEC complaint cannot be cited in a subsequent complaint filed by private plaintiffs was erroneous. As another court in the Southern District has aptly stated: "some courts in this district have stretched the holding in *Lipsky* to mean that any portion of a pleading that relies on unadjudicated allegations in another complaint is immaterial under Rule 12(f)… Neither Circuit precedent nor logic supports such an absolute rule." *In re Bear Stearns Mortgage Pass-Through Certificates Litigation*, 2012 WL 1076216, at *16 (S.D.N.Y. Mar. 30, 2012).

## II. Under the Federal Rules, Complaints Are Only Required to Have a Reasonable Factual Basis

### A. Federal Pleading Standards Require Plaintiffs to Allege Facts that are the Product of a "Reasonable Inquiry"

Under Federal Rule of Civil Procedure 8(a), a plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and under Rule 9(b) a plaintiff must "state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under the Private Securities Litigation Reform Act, federal securities fraud complaints brought under the Securities Exchange Act of 1934 must also "state with particularity all facts" demonstrating that the defendants' statements were false, as well as those "facts giving rise to a strong inference that the defendant acted with" scienter. 15 U.S.C. §78u-4(b).

When alleging the "factual content" that underlies their claims under these standards, plaintiffs are required to undertake a "reasonable inquiry," *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009), and ensure that their allegations rest on a "reasonable factual basis." *Calloway v. Marvel Entm't Group, Div. of Cadence Indus. Corp.*, 854 F.2d 1452, 1470 (2d Cir. 1988); *Lawrence v. Richman Group of CT LLC*, 620 F.3d 153, 158 n.2 (2d Cir. 2010) (same). In so doing, however, plaintiffs are not required to conform their pleadings to the rules of evidence. *See, e.g.*, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 997 n.4 (9th Cir. 2009) (recognizing that plaintiffs may rely on hearsay in pleadings); *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (complaints "need not plead evidence").[3]

---

[3] *See also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 625 (3d Cir. 2010) (although plaintiffs must allege facts to support their claims, "it is not necessary to plead evidence*"); In re McKesson HBOC, Inc. Sec. Litig.,* 126 F. Supp. 2d 1248, 1272 (N.D. Cal. 2000) ("plaintiffs are only required to plead facts, not to produce admissible evidence").

Thus, when plaintiffs do not have personal knowledge of the facts alleged, they may instead rely on a variety of otherwise inadmissible sources, including: confidential witnesses, *Novak v. Kasaks*, 216 F.3d 300, 314 (2d Cir. 2000); news articles, *Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 718 (2d Cir. 2011); analyst reports, *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 248 (3d Cir. 2009); government hearing testimony (that was not subject to cross examination), *N.J. Carpenters Vacation Fund v. Royal Bank of Scot. Group, PLC*, 720 F. Supp. 2d 254, 270 (S.D.N.Y. 2010); bankruptcy examiner reports, *In re New Century*, 588 F. Supp. 2d 1206, 1221 (C.D. Cal. 2008); and even anonymous internet postings, *In re Schering-Plough Corp./Enhance Sec. Litig.*, 2009 WL 1410961, at *1 (D.N.J. May 19, 2009). It is not expected that these sources will themselves be introduced at trial; rather, these sources illustrate that the plaintiff has a well-grounded belief that the facts alleged in the complaint are truthful and can be proved by competent evidence at later stages of litigation. *Cf.* Fed. R. Civ. P. 11(b) (a pleading constitutes a representation that "the factual contentions have evidentiary support or, if specifically so identified, *will likely have evidentiary support* after a reasonable opportunity for further investigation or discovery" (emphasis added)).

For example, as the Seventh Circuit has explained, newspaper articles - even those outside the pleadings - may be used by plaintiffs "to illustrate the facts the

party expects to be able to prove." Though they are "not evidence," they "provide a way for a plaintiff to show a court that there is likely to be some evidentiary weight behind the pleadings the court must evaluate." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 (7th Cir. 2012). This Court recognized a similar principle in *Lipsky* itself, holding that unless "no evidence in support of the allegation would be admissible," allegations should be permitted to remain in the pleadings. 551 F.2d at 893.

The expectation that plaintiffs will allege facts in their complaints based on inadmissible sources is built into the pleading rules themselves. Plaintiffs are explicitly permitted to make allegations at the outset of a litigation based on "information and belief," *see First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004); *see also* 15 U.S.C. §78u-4(b). This, by definition, means that plaintiffs may plead "based on secondhand information that the [plaintiff] believes to be true." Black's Law Dictionary (9th ed. 2009); *see also McKesson*, 126 F. Supp. 2d at 1272 ("all pleadings on information and belief are hearsay"); *New Century*, 588 F. Supp. 2d at 1220 (plaintiffs need not "plead facts from personal knowledge").

The *weight* to be accorded allegations based on such inadmissible sources is another matter. In general, courts consider a variety of factors, including whether the sources are "likely to have known the relevant facts" and whether the

"underlying factual allegations ... justify the inference that plaintiffs urge" to determine whether the sources are sufficient to satisfy the applicable pleading burdens under Rules 8(a), 9(b), and/or the PSLRA. *Fraternity Fund Ltd. v. Beacon Hill Asset Mgmt. LLC*, 376 F. Supp. 2d 385, 395 (S.D.N.Y. 2005); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 358 (S.D.N.Y. 2003) (for pleadings based on information and belief "[w]hat facts and what level of particularity are sufficient to support a plaintiff's beliefs will vary from case to case"); *McKesson*, 126 F. Supp. 2d at 1272 (if a source "includes numerous factual particulars and is based on an independent investigative effort, it is a source that may be credited" in determining whether plaintiffs have satisfied their pleading obligations). Or, as the First Circuit explained in the context of discussing the high pleading standards imposed by the PSLRA on claims brought under the Exchange Act, the court should evaluate "the level of detail provided by the confidential sources, the corroborative nature of the other facts alleged (including from other sources), the coherence and plausibility of the allegations, the number of sources, the reliability of the sources, and similar indicia." *In re Cabletron Sys.*, 311 F.3d 11, 29-30 (1st Cir. 2002).

**B.  Complaints Filed in Other Actions May Represent Legitimate Sources of Information**

Complaints filed in other actions also represent a source of information that, like newspaper articles, confidential witnesses, and analyst reports, may be

considered to determine if the plaintiffs have alleged sufficient "factual content" for their claims. In later stages of litigation, the plaintiff may (or may not) be able to ultimately prove the facts contained in these complaints based on admissible evidence, but for pleading purposes complaints are a legitimate source of information on which plaintiffs may rely in framing their own factual allegations and in showing that their claims rest on a "reasonable factual basis." Thus, as described above, the Supreme Court in *Matrixx* sustained a complaint that relied on, among other things, unproven allegations set forth in complaints filed in products liability lawsuits. 131 S. Ct. at 1322. And, as described above, in *Levitt* this Court explicitly recognized that plaintiffs may rely on previously-filed complaints to satisfy their pleading burdens under the PSLRA. 340 F.3d at 103.

Other Circuits have similarly recognized that factual allegations in other cases may help plaintiffs satisfy their pleading burdens. For example, it has long been recognized that, when evaluating whether a plaintiff has met the high pleading burdens for securities fraud imposed by the PSLRA, a defendant's quick settlement of similar claims might, at the pleading stage, contribute to an inference that the defendant acted knowingly or recklessly. *See Helwig v. Vencor, Inc.*, 251 F.3d 540, 552 (6th Cir. 2001) (en banc); *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 196 (1st Cir. 1999). In *Thornton v. Evans*, 692 F.2d 1064 (7th Cir. 1982), the

Seventh Circuit explicitly held that complaints may be based on "information obtained from public filings in other lawsuits" as well as other sources. *Id.*at 1081.

Indeed, in *Starr v. Sony BMG Music Entm't*, 592 F.3d 314 (2d Cir. 2010), this Court held that a plaintiff pled sufficient "factual content" to render their antitrust claims "plausible" under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Iqbal* by relying on, among other things, the fact that the New York Attorney General and the Department of Justice had begun *investigations* of the defendants' conduct – actions that, presumably, are *less* reliable and indicative of wrongdoing than the actual filing of complaints. *See id.* at 319, 325.

Numerous district courts have also recognized that "[t]here is no absolute rule barring a private plaintiff from relying on government pleadings and proceedings in order to meet the Rule 9(b) and PSLRA thresholds. … [The plaintiff's] acknowledgement and reliance on the SEC and CFTC allegations does not demonstrate that it lacks evidentiary support, but rather provides it with the necessary evidentiary support." *SEC v. Lee*, 720 F. Supp. 2d 305, 341 (S.D.N.Y. 2010); *see also De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 260 (S.D.N.Y. 2003) ("[T]here is nothing improper about utilizing information from the SEC as evidence to support private claims. … [T]he SEC allegations provided plaintiff with evidentiary support."); *In re Biopure Corp. Derivative Litig.*, 424 F. Supp. 2d 305, 307 (D. Mass. 2006) (SEC Complaint may be used as a

14

"supplemental source of information on communications between the FDA and the defendants" in shareholder derivative lawsuit). Many courts have also recognized that specific factual allegations contained in a government pleading may be *more* reliable as a source of factual information than casual media reports. *See, e.g.*, *Hawaii Ironworkers Annuity Trust Fund v. Cole*, 2011 WL 1257756, at *11 (N.D. Ohio Mar. 31, 2011); *De La Fuente*, 259 F. Supp. 2d at 260; *Lee*, 720 F. Supp. 2d at 341.

Here, for example, in its complaint against Citigroup, the SEC alleged a number of a specific facts about the process by which the Class V Funding III synthetic CDO was created and marketed, identifying particular emails that circulated to Citigroup employees, the process by which assets were selected for the CDO, and describing the terms of contracts formed between Citigroup and Credit Suisse Alternative Capital. It would be just as reasonable, at the pleading stage, for a plaintiff to rely on these facts in drafting her own complaint as it would be for a plaintiff to rely on similar facts described in a newspaper article or an analyst report. The conclusions of a government agency, reached after a detailed investigation and access to internal corporate documents, constitute exactly the sort of "secondhand information" that a plaintiff might reasonably "believe[] to be true" for the purposes of information-and-belief pleading – whether or not those conclusions are contained in an unadjudicated complaint or in another type of

document. Or, as one court recently put it, "the Ambac complaint cited in the [plaintiff's complaint] recounts a detailed study by Ambac Assurance Corp…. It makes little sense to say that information from such a study — which the [plaintiff's complaint] could unquestionably rely on if it were mentioned in a news clipping or public testimony — is immaterial simply because it is conveyed in an unadjudicated complaint." *Bear Stearns*, 2012 WL 1076216, at *16.[4]

This is not to say that the mere reliance on a complaint filed by the SEC necessarily means that the plaintiff has satisfied all applicable pleading standards. Rather, a governmental complaint is evaluated just as any other source would be, and, taken in conjunction with the plaintiff's other allegations, may or may not support the plaintiff's own claims. So, for example, in *In re Brooks Automation Inc. Secs. Litig.*, 2007 WL 4754051 (D. Mass. Nov. 6, 2007), the court permitted plaintiffs to rely on factual allegations set forth in an SEC complaint, but

_____

[4] *See also In re High-Tech Employee Antitrust Litig.*, 2012 WL 1353057, at *2 (N.D. Cal. Apr. 18, 2012) (permitting plaintiffs to rely on facts alleged in a Department of Justice complaint that had been settled without an admission of wrongdoing); *Queen Uno Ltd. P'ship v. Coeur D'Alene Mines Corp.*, 2 F. Supp. 2d 1345, 1361-62 (D. Colo. 1998) (same); *In re IPO*, 241 F. Supp. 2d at 355 (allegations in securities fraud complaint were adequately supported by, among other things, media reports, confidential sources, SEC filings, and SEC consent decree); *In re Beacon Associates Litigation*, 745 F. Supp. 2d 386, 405-07 (S.D.N.Y. 2010) (relying on, among other things, facts alleged in a complaint filed by the New York Attorney General when evaluating whether plaintiffs had satisfied their pleading burden).

concluded that these allegations were only sufficiently particular to state a claim against some – but not all – of the defendants named in the action. *See id.* at *10-12. In *Ezra Charitable Trust v. Tyco Int'l, LTD*, 466 F.3d 1 (1st Cir. 2006), the First Circuit considered the contents of an SEC consent decree when evaluating the sufficiency of a plaintiff's complaint, but ultimately concluded that the consent decree did not provide sufficient support for the plaintiff's allegations. *See id.* at 9 n.7. And in *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436 (7th Cir. 2011), the Seventh Circuit held that the complaints relied on by the plaintiff in that action were of "limited corroborative weight," in part because the plaintiff had direct access to the relevant information but instead had chosen to rely on the secondhand accounts contained in other pleadings. *Id.* at 443-44. But this case-by-case analysis is a far cry from declaring what the District Court apparently viewed as a bright line rule requiring that any reference to earlier-filed complaints be stricken from private pleadings.

III.   ***Lipsky* Does Not Require a Different Result**

As described above, a handful of district courts, including, apparently, the District Court in this case, have interpreted this Court's decision in *Lipsky* to require that factual allegations based on other complaints – but not allegations based on any other hearsay or unproven sources – be stricken under Rule 12(f). Such rulings are incorrect.

In *Lipsky*, the plaintiff alleged that the defendant failed to use its best efforts to register certain securities with the SEC, as it was contractually obligated to do. 551 F.2d at 891. In support of this claim, the plaintiff alleged that the SEC had objected to a different, but similar, registration statement filed by the same defendant, and that the SEC had ultimately filed a complaint against the defendant that resulted in a consent decree. *Id*. The plaintiff submitted these materials to demonstrate the views of the SEC toward the registration statement at issue in the plaintiff's case. *See id*. at 893. The district court then granted the defendants' motion to strike these materials under Rule 12(f). *Id*. at 892.

On appeal, this Court noted that motions to strike under Rule 12(f) will be denied unless "unless it can be shown that no evidence in support of the allegation would be admissible." *Id*. at 893. The Court went on to note that "Evidentiary questions, such as the one present in this case, should especially be avoided at such a preliminary stage of the proceedings. Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided. And ordinarily neither a district court nor an appellate court should decide to strike a portion of the complaint - on the grounds that the material could not possibly be relevant - on the sterile field of the pleadings alone." *Id.*

Finally – after expressly noting that its holding was limited to "the facts of this case" (*id.*) – the Court affirmed the district court's decision, reasoning that because the decree itself could not be used as collateral estoppel against the defendant, it would not be admissible against the defendant under Rule 410 of the Federal Rules of Evidence. *See id.* at 893-94. Importantly, the Court also emphasized that striking these allegatons did *not* prejudice the plaintiff in any way. *See id.* at 894.

Nothing in *Lipsky*'s reasoning forbids plaintiffs from relying on the factual allegations contained in another complaint as support for the factual allegations in their own pleadings. In such situations, plaintiffs are not proposing to use the earlier complaint (or consent decree) to collaterally estop defendants from contesting their liability, nor are they proposing that these materials be submitted to the jury; instead, the plaintiffs are simply drawing on an earlier complaint as a source of information for factual allegations that plaintiffs ultimately intend to prove using other, admissible evidence. It is precisely for this reason that numerous courts have refused to read *Lipsky* to create a bright-line rule forbidding any citation to complaints filed in other actions.

For example, in *ClearOne Communs., Inc. v. Lumbermens Mut. Cas. Co.*, 2005 WL 2716297 (D. Utah Oct. 21, 2005), the court held that an insurance company would be permitted to cite an SEC consent decree in support of its claim

that defendant ClearOne had falsified its financial statements when applying for directors & officers liability insurance. *See id.* at *8 n.10. As the court explained, "In [*Lipsky*], the court explained that consent decrees, like pleas of *nolo contendere*, may not be used for purposes of collateral estoppel because the issues in the underlying action were not fully adjudicated. Here, the court considers the consent decrees only as part of the factual background of this case." *Id.*

In *London v. PA Child Care, LLC*, 2010 WL 1507103 (M.D. Pa. Apr. 14, 2010), insurance company plaintiffs sought a declaratory judgment that they had no duty to indemnify or defend a juvenile detention facility against claims that the facility had bribed judges to sentence minors to the facility. *See id.* at *1. Defendants cited *Lipsky* in support of a motion to strike the complaint's references to the criminal indictments that had issued against the judges involved in the scheme. *Id.* at *7. The court denied the motion, recognizing that "Defendants do not argue that no evidence of these allegations would be admissible, only that the material beyond the underlying complaint is irrelevant. While Defendants are correct that for the present motion this Court must rely upon the allegations of underlying complaint, the additional allegations are far from 'redundant, immaterial, impertinent, or scandalous.'" *Id.* (quoting Fed. R. Civ. P. 12(f)); *see also Bear Stearns*, 2012 WL 1076216, at *16 (recognizing that *Lipsky* "cautioned that its holding was limited to 'the facts of this case'" and concluding that

"[n]either Circuit precedent nor logic supports … an absolute rule" barring citations to other complaints); *Space Coast Credit Union v. Barclays Capital, Inc.*, 1:11-cv-02802-LLS, Doc # 41, slip op. at 1 (S.D.N.Y. March 16, 2012) (denying a motion to strike under *Lipsky*; "the lawsuits, investigations, and articles to which the complaint refers are offered not to collaterally estop defendants, but rather to provide background information on the complex investment scheme and fraud alleged in this case"); *Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438, 454 (S.D.N.Y. 2008) ("Defendants' reliance [on *Lipsky*] is misplaced, as *Lipsky* referred to the use of a consent decree as collateral estoppel, and courts have found that such evidence may be used as part of the factual background of a case.").

Moreover, since *Lipsky*, this Court has held that consent decrees actually *are* admissible under Federal Rule of Evidence 408 for certain purposes, *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981), which makes it especially inappropriate to strike references to them on the pleadings alone. *See United States Surgical Corp. Secs. Litig. v. Hirsch*, 1995 U.S. Dist. LEXIS 20895, at *74-78 (D. Conn. Apr. 12, 1995) (refusing to strike pleading references to a consent decree, citing *Gilbert*); *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180-81 (D.N.H. 1998) (same). For this reason, in denying a motion to strike under *Lipsky*, the *Berke* court explained that "the question properly posed is whether references in the complaint to the SEC's consent decrees have any bearing on issues in this suit – not whether

the allegations and exhibits attached to the complaint are, or might be, competent evidence if offered at trial. Since the consent decrees operate to settle disputes about the same or similar conduct by some parties to this action, the SEC proceedings and consent decrees are, generally, sufficiently related to plaintiffs' claims to survive defendants' motion to strike." *Id.* at 181.[5]

The bright line rule proposed by the District Court here – which would preclude any plaintiff from citing any unadjudicated complaint in their own pleadings – would lead to absurd results. For example, under the District Court's reasoning, the SEC's issuance of a Wells Notice – which is merely a notification that the Enforcement Division may *recommend* that the Commission institute a formal enforcement action – could be included in the pleadings, *see Carlson v. Xerox Corp.*, 392 F. Supp. 2d 267, 279 (D. Conn. 2005), but the actual enforcement action could not be. A newspaper article reporting that the SEC has "concerns" about an accounting maneuver would be fair game for inclusion in a

---

[5] Other courts have denied motions to strike allegations from the pleadings on the grounds that – because complaints are not submitted to a jury and because SEC complaints and similar materials are in the public record – there is no danger of unfair prejudice under Rule 12(f) if such matters are included. *See, e.g.*, *Jackson v. Grupo Indus. Hotelero, S.A.*, 2008 WL 4648999, at *14 (S.D. Fla. Oct. 20, 2008) ("A complaint is not evidence, and the admissibility of any evidence which might prejudice Defendants will be resolved in a later stage of the litigation."); *see also Ambac Assur. Corp. v. EMC Mortg. Corp.*, 2009 WL 734073, at *3 (S.D.N.Y. Mar. 16, 2009); *Johnson v. M & M Communs., Inc.*, 242 F.R.D. 187, 190 (D. Conn. 2007).

complaint, *see In re AOL Time Warner Inc. Sec. & "ERISA" Litig.*, 381 F. Supp. 2d 192, 215 (S.D.N.Y. 2004), but not the formal enforcement action taken against a company that used it. News of a Department of Justice investigation would be permissible in a pleading, *see Starr*, 592 F.3d at 319, 325, but not the "unadjudicated" indictment that resulted from such investigation. An FDA Warning Letter – which is an informal agency action notifying a company that it is out of compliance with FDA requirements[6] – could be cited in a complaint, *see Matrixx*, 131 S. Ct. at 1320-21, but not a formal lawsuit filed to enforce the earlier warning. Persons who accused the defendants of wrongdoing in a newspaper article could be cited in a complaint, but if those same persons filed a lawsuit against the defendants alleging the exact same facts, those would be forbidden. *See In re Xcelera.com Sec. Litig.*, 2002 WL 745835, at *2-3 (D. Mass. March 8, 2002) (refusing to strike allegations based on a private complaint filed in another action). Newspaper articles, even if thinly sourced and disputed by the defendants, could be cited on the ground that they "provide some evidence in support of [plaintiffs'] allegations" and it was possible that some "evidence in support of these allegations would be admissible," *see Footbridge Ltd. v. Countrywide Home*

---

[6] *See* FDA, *Inspections, Compliance, Enforcement, and Criminal Investigations*, §4-1, "Warning Letters," http://www.fda.gov/ICECI/ComplianceManuals/ RegulatoryProceduresManual/ucm176870.htm (describing FDA Warning Letters as an informal precursor to potential litigation).

*Loans, Inc.*, 2010 WL 3790810, at *6 (S.D.N.Y. Sept. 28, 2010), but references to a complaint containing that exact same information, even where it is the product of a prolonged government investigation and filed subject to the ethical requirements of Rule 11, would be stricken, *see id.* at *5 (striking references to "pleadings, settlements, and government investigations in other cases" without attempting to reconcile this decision with the court's refusal to strike newspaper articles).

A rule requiring that unadjudicated complaints be stricken from pleadings would also be unfair because many claims depend on allegations of past wrongdoing. RICO claims, for example, require plaintiffs to demonstrate that the defendants' actions were part of a pattern of activity. 18 U.S.C. §1962. Plaintiffs alleging employment discrimination may need to rely on previous allegations against the defendant to demonstrate that purported non-discriminatory explanations offered by the defendant are pretextual. *See Hurley v. Atlantic City Police Department*, 174 F.3d 95, 110-11 (3d Cir. 1999). A *per se* bar on citing prior complaints merely because those allegations are unproven could significantly hamstring plaintiffs' ability to bring meritorious claims. Indeed, numerous courts – including this one – have recognized that the filing of a complaint can trigger the statute of limitations for plaintiffs whose claims are based on similar facts. *See Levitt*, 340 F.3d at 103; *Masters v. GlaxoSmithKline*, 271 Fed. Appx. 46, 49 (2d

Cir. 2008).[7]  It cannot seriously be suggested that a complaint may trigger the limitations period but the plaintiff would be forbidden from relying on the facts alleged therein to bring its own claim.

This is particularly so because, in the decades since *Lipsky* was decided, pleading standards have risen across the board.  In *Ross v. A. H. Robins Co. Inc.,* 607 F.2d 545 (2d Cir. 1979), decided three years after *Lipsky*, this Court held that plaintiffs bringing fraud claims subject to the pleading standards of Rule 9(b) would be required to allege "specific facts" that "raise a strong inference of scienter."  *Id.* at 556.  In *Twombly* and later in *Iqbal*, the Supreme Court also adopted new, heightened standards for Rule 8 pleading that require plaintiffs to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, which overruled the more relaxed standard that had previously governed, *see Twombly*, 550 U.S. at 562-63.  And in 1995, Congress passed the PSLRA, which requires plaintiffs bringing claims under the Securities Exchange Act to "state with particularity all facts" demonstrating that the defendants' statements were false, as well as those "facts giving rise to a strong inference that the defendant acted with"

_____

[7] *See also Stichting Pensionenfonds ABP v. Countrywide Fin. Corp.*, 2011 WL 3558173, at *11 (C.D. Cal. Aug. 9, 2011); *Boilermakers Nat. Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series ARI, et al.*, 748 F. Supp. 2d 1246, 1258 (W.D. Wash. 2010).

scienter.  15 U.S.C. §78u-4(b).  *Lipsky* was not decided in a context in which heightened pleading standards required plaintiffs to describe the factual basis for their claims with such detail, and thus cannot be taken to forbid the use of complaints filed in other actions for this purpose.

For claims brought under the PSLRA, it is particularly important that plaintiffs be permitted to rely on complaints filed in other actions because discovery is stayed until after the resolution of any motions to dismiss.  15 U.S.C. §78u-4(b)(3).  Thus, earlier-filed complaints may represent a critical mechanism by which plaintiffs may, pre-discovery, obtain the factual information necessary to meet their pleading burdens.  As the court recognized in *Hill v. State Street Corp.*, 2011 WL 3420439 (D. Mass. Aug. 3, 2011), allegations based on complaints filed in a *qui tam* action and by the California Attorney General, especially when coupled with allegations based on confidential witnesses and other sources, "collectively paint a plausible picture of a company defrauding its clients. Multiple types of evidence from multiple sources reinforce the same narrative. Without discovery, it is next to impossible for Plaintiffs to produce any more." *Id.* at *14.  *Lipsky*, which went out of its way to note that striking the consent decree would not prejudice the plaintiff, 551 F.2d at 894, cannot be interpreted to bar the use of such pleadings when doing so would dramatically affect a plaintiff's ability to proceed with her claims.

IV.  **At a Minimum, Facts Alleged in a Complaint Should Be a Permissible Basis for Allegations Against Parties Who Were Not Defendants in the Original Action**

*Lipsky* cited Federal Rule of Evidence 410 as part of its basis for affirming the district court's decision to strike references to the SEC Complaint.  551 F.2d at 893.  That rule, by its terms, only forbids the citation of earlier-filed actions in a subsequent action against the *same* defendant.  *See* Fed. R. Evid. 410(a).  For this reason, at least one court has held that *Lipsky* did not bar plantiffs from citing a Department of Justice complaint and consent decree in their pleadings against a different party.  *See Hyland v. Homeservices of Am., Inc.*, 2007 WL 1959157, at *3 (W.D. Ky. June 28, 2007).  Thus, at a minimum, *Lipsky* should not be read to bar the citation of complaints or consent decrees in allegations against different defendants.

## CONCLUSION

For the foregoing reasons, this Court should not endorse the District Court's conclusion that SEC allegations and consent decrees may not be cited in private complaints.

Dated: May 21, 2012            Respectfully submitted,

                               /s/ Daniel P. Chiplock
                               Daniel P. Chiplock
                               **LIEFF, CABRASER, HEIMANN &**
                               **BERNSTEIN, LLP**
                               250 Hudson Street
                               8th Floor

New York, NY 10013-1413

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure, the foregoing brief is in 14-Point Times Roman proportional font and contains 6,632 words and thus is in compliance with the type-volume limitation set forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.

Dated:   New York, New York
        May 21, 2012             <u>/s/ Daniel P. Chiplock</u>
                               ***Attorney for Amicus Curiae National Association of Shareholder and Consumer Attorneys***